IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE: CLARENCE JAMES PRESTWOOD          CASE NO. 4:11-CV-00154-MP -WCS
& PAMELA GAIL PRESTWOOD,

    Debtors.

_____/

**O R D E R**

This matter is before the Court on Doc. 3, the debtors' Motion for Leave to Appeal Order Denying Confirmation and Sustaining Chapter 13 Trustee's Objection to Confirmation. The Trustee filed a response, Doc. 4. For the reasons which follow, leave to appeal is denied.

The order in this case sustained the objection of the Chapter 13 Trustee and denied the confirmation of the debtor's plan. It did not dismiss the case, however. "[A]n order denying confirmation of a plan is considered to be interlocutory and not a final order unless the underlying case is also dismissed." In re Giesbrecht, 429 B.R. 682 (9th Cir.BAP 2010). When the order on appeal is not final, it is within the discretion of this Court whether to entertain the appeal. 28 U.S.C. § 158(a). However, interlocutory review is generally disfavored for its piecemeal effect on cases. United States v. MacDonald, 435 U.S. 850, 853, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); Prado-Steiman ex rel. Prado v.. Bush, 221 F.3d 1266, 1276 (11th Cir.2000).

In determining whether to grant leave to appeal an interlocutory bankruptcy court order, district courts apply the standards set forth in 28 U.S.C. § 1292(b), which govern discretionary interlocutory appeals from district courts to courts of appeal. See In re Charter Co., 778 F.2d 617, 620, n. 5 (11th Cir.1985); In re Ashoka Enterprises, Inc., 156 B.R. 343, 346 (S.D.Fla.1993). Applying § 1292(b) to bankruptcy court appeals, a district court may grant leave

to appeal an interlocutory order if the following factors are present: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

In the instant case, the parties' disagreement centers on two issues: (1) what figure – the "Current Monthly Income" (calculated from a six-month average) or the debtors' actual current income (one debtor just got a raise, so it is higher than the six-month average) - should be used to calculate the debtors' "projected disposable income" as that term is used in 11 U.S.C. § 1325(b)(1)(B); and (2) what is the proper expense to be used in determining the debtors' rent expense per month – their actual rent expense ($1,750) or the IRS Local Standard amount ($943)?

The Court finds that these issues involve pure legal interpretation and not any finding of fact.  Thus, the first element, that there be a controlling question of law, is met.  With regard to the second element, whether there is substantial ground for difference of opinion, the burden of persuasion lies with the appellant.  In re Fiddler's Creek, LLC, 2010 WL 5060987 (M.D.Fla., 2010).  Here, the appellant's entire argument for why this interlocutory appeal should be allowed is found in paragraphs 5 and 6 of the motion for leave to appeal, and states:

> The facts of this case raise important issues of law that must be resolved before a confirmable plan can be proposed, and these issues will have impact on many future cases in this division....The appellate courts should be allowed to resolve the issues raised by the facts of this case.

Doc. 3, p. 1.  This does not meet appellant's burden of showing "substantial ground for

difference of opinion."  Moreover, the Supreme Court in 2010 faced this precise issue, framing the arguments of counsel as follows:

> Petitioner...contends that "projected disposable income" means past average monthly disposable income multiplied by the number of months in a debtor's plan. Respondent, who favors the forward-looking approach, agrees that the method outlined by petitioner should be determinative in most cases, but she argues that in exceptional cases, where significant changes in a debtor's financial circumstances are known or virtually certain, a bankruptcy court has discretion to make an appropriate adjustment.

Hamilton v. Lanning, 130 S.Ct. 2464, 2471 (2010).  The Lanning Court found that Respondent had the better argument and concluded,

> Consistent with the text of § 1325 and pre-BAPCPA practice, we hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation.

Id. at 2478.  Here, the pay raise received by one of the debtors was known and certain at the time of the confirmation.   Thus, appellant has not shown any substantial ground for a difference of opinion as to whether the bankruptcy judge correctly followed Lanning in using the pay raise in calculating projected disposable income.

The same conclusion applies to the second question of law, whether the actual rent expense should be used or whether the IRS Local Standard Amount should be used.  Again, the United States Supreme Court has addressed the issue and rejected appellant's argument.  In Ransom v. FIA Card Services, N.A., 131 S.Ct. 716 (2011), the issue was whether certain car expenses could be deducted from projected disposable income as "amounts reasonably necessary to be expended."  The Supreme Court indicated that the IRS Standard Tables apply, and not actual expenses:

> Although the expense amounts in the Standards apply only if the debtor incurs the

    relevant expense, the debtor's out-of-pocket cost may well not control the amount
of the deduction. If a debtor's actual expenses exceed the amounts listed in the
tables, for example, the debtor may claim an allowance only for the specified
sum, rather than for his real expenditures.

Here, the specified sum from the IRS tables is $973 for rent.  Thus, there is no substantial ground for difference of opinion regarding whether the bankruptcy judge properly followed <u>Ransom</u> in applying that figure rather than the debtors' real expenditures.

    For these reasons, it is hereby

**ORDERED AND ADJUDGED:**

Doc. 3, Motion for Leave to Appeal Order Denying Confirmation and Sustaining Chapter 13 Trustee's Objection to Confirmation, is DENIED.

The appeal in this Court is dismissed, the matter remanded to the Bankruptcy Court, and the Clerk is directed to close the file.

**DONE AND ORDERED** this <u>*10th*</u> day of May, 2011

               <u>*s/Maurice M. Paul*</u>
               Maurice M. Paul, Senior District Judge